IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No.   1:19-CR-348 (GLS) |
| | ) | |
| **v.** | ) | |
| | ) | |
| **MARLON PALACIOS,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## **PRELIMINARY ORDER OF FORFEITURE FOR A MONEY JUDGMENT**

WHEREAS, on April 14, 2021, Marlon Palacios ("the defendant") pled guilty to Count One in superseding indictment number 19-CR-348, for which the government sought forfeiture pursuant to Title 18, United States Code, Section 982(a)(2)(B), 1029(c)(1)(C), and Title 21, United States Code, Section 853(p); and

WHEREAS, the defendant has consented in his oral plea to the entry of a forfeiture money judgment in the amount of $25,000.00 (the "Forfeiture Money Judgment"), representing any property constituting, and derived from, proceeds obtained directly and indirectly, as a result of the commission of the offense;

IT IS NOW HEREBY ORDERED, ADJUDGED, AND DECREED as follows:

1. The defendant shall forfeit to the United States the full value of a personal Forfeiture Money Judgment in the amount of $25,000.00 to be entered against the defendant upon sentencing.

2. All payments made by the defendant toward the Forfeiture Money Judgment shall be made by a money order, or a certified or official bank check, payable to the United States Marshals Service with the criminal docket number noted on the face of the check.  The defendant

shall cause said check to be delivered by overnight mail to Assistant United States Attorney Emily C. Powers, James T. Foley Courthouse, 445 Broadway, Albany, New York 12207.

3. The United States alone shall hold title to any payment made by the defendant to satisfy the Forfeiture Money Judgment upon receipt of said payment.

4. If payment of the Forfeiture Money Judgment is not received, the defendant shall forfeit any other property in which the defendant possesses an ownership interest up to the value of the outstanding balance, pursuant to 21 U.S.C. § 853(p), pertaining to the forfeiture of substitute property, the Federal Debt Collection Procedures Act, or any other applicable law.  The defendant shall fully assist the government in effectuating the payment of the Forfeiture Money Judgment. The defendant shall not file or interpose any claim or assist others to file or interpose any claim to any of the property against which the government seeks to execute the Forfeiture Money Judgment in any administrative or judicial proceeding.

5. Upon entry of this Order, the United States Attorney General or her designee is authorized to conduct any proper discovery in accordance with Fed. R. Crim. P. 32.2(b)(3).

6. The entry and payment of the Forfeiture Money Judgment shall not be considered the payment of the fine, penalty, restitution loss amount, or income taxes that may be due, and shall survive bankruptcy.

7. Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A), this Order shall become final as to the defendant at the time of sentencing, or, where a written Plea Agreement has been entered, any time after the issuance of this Preliminary Order of Forfeiture.

8. Pursuant to Fed. R. Crim. P. 32.2(b)(4)(B), this Order of Forfeiture shall be made part of the defendant's sentence and included in the judgment.

9. This Order shall be binding upon the defendant and defendant's successors, administrators, heirs, assignees, and transferees, and shall survive the bankruptcy of any of them.

10. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

Date: July 21, 2021
Albany, New York

Hon. Gary L. Sharpe
Senior United States District Judge